Lin v. Holder

BIA
A077 297 915

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of November, two thousand thirteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> JON O. NEWMAN,
> CHRISTOPHER F. DRONEY,
> > *Circuit Judges.*

_____

YI LIN LIN, AKA CATHERINE OANH VU,
> *Petitioner,*

v.                                        12-3072
                                          NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONERS:        James A. Lombardi, New York, New York.

FOR RESPONDENT:         Stuart F. Delery, Acting Assistant Attorney General; Linda S. Wernery, Assistant Director; Walter Bocchini,

**Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yi Lin Lin, a native and citizen of the People's Republic of China, seeks review of the July 30, 2012, order of the BIA denying her motion to reopen. *In re Yi Lin Lin*, No. A077 297 915 (B.I.A. Jul. 30, 2012). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The BIA's denial of Lin's motion to reopen as untimely was not an abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An alien may file one motion to reopen, generally no later than 90 days after the date on which the final administrative decision was rendered in the proceedings sought to be reopened. 8 U.S.C. § 1229a(c)(7)(C)(I); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Lin's 2011 motion was untimely, as her final administrative order was issued in 2003. *See* 8 U.S.C. § 1229a(c)(7)(C)(I); 8 C.F.R. § 1003.2(c)(2). The time

2

limitation does not apply to a motion to reopen if it is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing."  8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii).

In this case, the BIA correctly found that Lin's newly commenced practice of Catholicism constituted a changed personal circumstance, not changed conditions arising in China.  *See Yuen Jin v. Mukasey*, 538 F.3d 143, 155 (2d Cir. 2008); *Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006) (finding that "circumstances entirely of [one's] own making after being ordered to leave the United States" are not grounds for untimely reopening).

Furthermore, Lin failed to provide evidence of conditions for members of unregistered Catholic churches in 2001, such that the BIA could determine whether there had been a worsening of conditions that would warrant reopening. *See Matter of S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the

3

evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below."). While the record contains the 1998 Profile of Asylum Claims in China, which Lin had submitted before the IJ, it describes conditions for Catholics that are similar, or worse, than those described in the 2010 International Religious Freedom Report that Lin submitted in support of her motion. In addition, the BIA did not err in requiring that Lin demonstrate that Catholics in Fujian Province are targeted for persecution, given that her background evidence suggests that the treatment of Christians varies by region. *Jian Hui Shao v. Mukasey,* 546 F. 3d 138, 149-50, 159-60, 163-65 (2d Cir. 2008) (upholding BIA's analysis that where enforcement of a policy varies by region, it is the applicant's burden to show a well-founded fear of persecution in his locality in China).

The BIA also reasonably discounted the letter from a friend of Lin's parents because it was not notarized, described an underground church gathering in which the authorities came but no one was arrested, and involved a single event that took place in May 2010 and thus did not show a change in country conditions for Catholics. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir.

4

2006) (holding that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency)(internal quotation marks and alteration omitted).  Similarly, the BIA discounted the summons that Lin's parents received, as it had not been authenticated in any way and her parents did not provide any reason to believe the document was authentic.  *Id*.

Because substantial evidence supports the BIA's conclusion that Lin did not establish a change in the treatment of Catholics in China, the BIA did not abuse its discretion in concluding that her motion to reopen was untimely.  *See Jian Hui Shao,* 546 F 3d at 149-508; C.F.R. § 1003.2(c)(3)(ii); 8 U.S.C. § 1229a(c)(7)(C)(ii).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:<br>Catherine O'Hagan Wolfe, Clerk